IN THE UNITED STATES DISTRICT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DRAPER FRANK WOODYARD,           )
                                )
    Plaintiff,              )
                                )
vs.                             )   CIVIL ACTION NO. 1:12-00566-WS-N
                                )
ALABAMA DEPARTMENT OF           )
CORRECTIONS, et al.,            )
                                )
    Defendants.             )

ORDER

This action is before the Court on defendants' responses (docs. 37 and 38) to

plaintiff's motions (docs. 4, 13 and 34) seeking a preliminary injunction and temporary

restraining order to remove him from any proximity to his attacker and motion to

subpoena records (doc. 35).[1]   Also under consideration is plaintiff's reply, as set forth

not only in his "Rebuttal to Defendants' Answer and Special Report" (doc. 42), but in his

subsequent motion (doc. 39) to compel the defendants to release records he previously

requested in his motion to subpoena records (doc. 35) and motion (doc. 41) to now

subpoena records which report "the actual number of fights with and without weapons

and assaults that have occurred within the Annex and on the exercise yard from 2003 to

2013."

---

[1] Plaintiff contends that these records will refute the evidence submitted by the defendants in
support of their Special Report and Answer (docs. 29-20), which have now been converted to a motion
for summary judgment (doc. 33).

The most pressing issue in this case at the moment is whether or not the plaintiff is in immediate danger of further attack from his known enemy, Lawrence Anderson ("Anderson").  Defendants contend that plaintiff is in no such danger "because of the procedures in place to keep enemies separated, even while housed in the same segregation unit."  (Doc. 37 at ¶ 3).  Defendants also contend that plaintiff and Anderson would not have had contact with one another in the shower, "have never been housed within three cells of each other," and would not have been in the same exercise yard together.  (Doc. 37 at both ¶ 4's).

Upon consideration of the above referenced documents, together with all other pertinent portions of the record, it is **ORDERED** as follows:

1.      Plaintiff's motion to compel (doc. 39) is **GRANTED** and defendants are directed, by **no later than June 24, 2013**, to produce to the plaintiff and the Court the following documents:

> a.      ADOC Form 225B HCF-12-00883C, "the record of [the] disciplinary hearing concerning the July 24, 2012 incident.
>
> b.      The sections of the ADOC Classification Manual "which pertain to Close Custody classification and the override procedures for upgrading custody levels."[2]  (Doc. 38 at ¶ 3).
>
> c.      ADOC Bed Roster and Black and White Roster "which contain the housing information for Plaintiff and inmate Lawrence Anderson." (Doc. 38 at ¶ 3).

---

[2] Although plaintiff continues to request the entire 120 page Classification Manual, plaintiff has failed to establish the relevance of any other section beyond that which defendants are being compelled to produce.

        d.      ADOC Segregation Daily Activity or Movement Log "related to the movement history [including meals, showers, exercise, medical visits, and psych visits] of Plaintiff and inmate Anderson . . . for the requested time periods." (Doc. 38 at ¶ 5).

        2.      Plaintiff's motion (doc. 41) to subpoena records which report "the actual number of fights with and without weapons and assaults that have occurred within the Annex and on the exercise yard from 2003 to 2013" is **GRANTED** unless the defendants establish by **no later than June 24, 2013**, that such records do not exist.

Upon receipt of these documents, it is **FURTHER ORDERED** that plaintiff is granted leave to specifically **REPLY** by **no later than July 8, 2013**, to defendants Response (doc. 37) in opposition to plaintiff's motion for a preliminary injunction (docs. 4, 13 and 34) by which he seeks to be removed from any proximity to his attacker. Plaintiff's motion for a preliminary injunction shall again be taken under submission on July 9, 2013.

In view of the above Order compelling production of discovery, it is also **ORDERED** that Plaintiff is granted leave to **SUPPLEMENT** his "Rebuttal to Defendant's Answer and Special Report" (doc. 42) by **no later than August 5, 2013**, at which time defendants' Answer and Special Report (docs. 29 and 30), as converted to a motion for summary judgment (doc. 31), will be taken under submission.

**DONE** this   10th   day of June, 2013.

                          s/Katherine P. Nelson
                          **KATHERINE P. NELSON**
                          **UNITED STATES MAGISTRATE JUDGE**