IN THE UNITED STATES DISTRICT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DRAPER FRANK WOODYARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 1:12-00566-WS-N |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION

This action is before the Court plaintiff's motions for a preliminary injunction and temporary restraining order (docs. 4, 13) directing the Alabama Department of Corrections ("ALDOC") to remove him from any proximity to his attacker. Plaintiff, Draper Frank Wooyard, is an inmate at Holman Correctional Facility proceeding *pro se*. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Upon consideration of these motions and all pertinent portions of the record, including plaintiff's motions (docs. 4, 13) and defendants' responses thereto (docs. 37, 38), it is recommended that the motions for injunctive relief be denied as moot.

I.   Background.

On July 24, 2012, Woodyard was stabbed by a fellow inmate, Lawrence Anderson, and seriously injured. (Docs. 4 at 2; 18 at 8). Woodyard has filed a complaint under 42 U.S.C. § 1983 claiming deliberate indifference by the defendants to his safety in that they were aware of the threats made by Anderson against Woodyard but took no

action to protect Woodyard prior to the attack. (*Id.*). Woodyard has claimed that he "is at high risk of being attacked a second time by Inmate Lawrence Anderson." (Docs. 4 at 3; 13 at 3). Consequently, he seeks a preliminary injunction from this Court directing the defendants "to remove Plaintiff away from the Hostile living Environment." (*Id*. at 6).

Defendants concede that Woodyard has, since the attack, been housed in the same Segregation Unit as his attacker but that they are "several cells apart [and] have never been housed within three cells of each other." (Doc. 37 at 2, 3). Defendants further contend that "[t]he procedures for conducting showers and exercise for segregation units involve each inmate being secured in handcuffs prior to release from his cell, an escort by two officers to another secure area (either a locked shower or locked, fenced exercise area), and then release from restraints [and] would have no contact with one another." (*Id*. at 2-3). Defendants also contend that Woodyard and Anderson would not have contact in the exercise area because "they are exercised individually, separate from any other inmate." (*Id*. at 3). On June 24, 2013, defendants filed a document purporting to come from Woodyard's inmate file and described as follows:

> On June 3, 2013, Plaintiff submitted a notarized Request for Retraction of Alleged Enemy to the classification division at Holman Correctional Facility, requesting Anderson be removed as his verified enemy. [Doc. 45-1]. In support of this request, Plaintiff states that he and Anderson have resolved their differences and that Plaintiff believes that he can live in general population together without any further conflicts. [Doc. 45-1]. Defendants believe this document effectively moots Plaintiff's request for a Temporary Restraining Order.

(Doc. 45 at 2, *citing* Doc. 45-1).

2

Woodyard admits that he submitted the notarized Request to remove Anderson from any classification as his enemy, although he contends that it was submitted to the defendants on June 21, 2013, instead of the June 3, 2013 date it was executed.[1] Woodyard contends, however, that he did so only to "expose the defendants." (Doc. 46 at 1). According the Woodyard, he expected defendants to file this document with the Court and he then planned to use it, and has done so, to argue that the defendants have lied in their contention that he has had no contact with his enemy, Anderson. As stated by Woodyard: "If Plaintiff and his attacker 'never' had 'any contact' with one another how could we possibly workout or resolve our differences." (*Id*. at 1). Woodyard further states:

> Plaintiff could have submitted the memo and affidavit unsigned to the Court, but it then wouldn't have carried the full weight of the lies previously told by the Defendants – concerning their no contact position or stance nor, would it have served to fully implicate the Defendants.

(Doc. 46 at 1-2). Woodyard further states that, once the defendants filed this document, he "immediately submitted a statement to the defendants recanting the affidavit along with explaination [sic] as to why he signed it to begin with." (Doc. 46 at 5, citing Doc. 46 at 13).

Woodyard has nonetheless presented no evidence that he has had any direct contact with Anderson which might have led to another attack. Woodyard confirms

---

[1] This document executed by Woodyard also contains a waiver and release of defendants from liability, which Woodyard contests. (Docs. 45-1 and 46). The Court will accept Woodyard's contention that he did not voluntarily waive his right to proceed against the defendants in this litigation or release them from liability. His intent in this regard does not, however, diminish the relevance of his request in this same document to remove Anderson as his enemy.

instead that he and Anderson remain in segregation and contends that neither will be released to general population unless Woodyard "drop[s] his lawsuit."  (Doc. 46 at 6).  Woodyard has the burden to establish that he is entitled to injunctive relief and this he has failed to do.

    II.    <u>Legal Standard</u>.

"A district court may grant [preliminary] injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." <u>American Civil Liberties Union of Florida, Inc. v. Miami-Dade County School Bd.</u>, 557 F.3d 1177, 1198 (11th Cir. 2009) (rehearing and rehearing en banc denied, - - - F. 3d - - - (11th Cir. 2009) (petition for certiorari filed June 18, 2009, 78 USLW 3001) (*quoting* <u>Siegel v. LePore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000) (*en banc*)) (citations omitted).  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four prerequisites." *Id*. (citations omitted).  A "grant of preliminary injunction is the exception rather than the rule, and plaintiff must clearly carry the burden of persuasion." <u>Siegel</u>, 234 F.3d at 1176 (citation omitted).  *See also*, <u>Maxwell v. Arkansas Dept. of Correction</u>, 367 Fed.Appx. 720, 721 (8th Cir. March 8, 2010)(explaining that a request for injunctive relief in the prison context is "viewed with great caution" because of the particular problems of prison administration), *citing* <u>Goff v. Harper</u>, 60 F.3d 518, 520 (8th Cir.1995).

Moreover, a "showing of irreparable injury is 'the *sine qua non* of injunctive relief.'" Siegel, 234 F. 3d at 1176 (*quoting* Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990)). *See also*, Pinson v. Pacheco, 424 Fed.Appx. 749, 753-54 (10th Cir. May 26, 2011)("[T]he district court did not abuse its discretion in concluding that [prison inmate] did not establish irreparable injury [and] '[t]o constitute irreparable harm, an injury must be certain, great, actual and not theoretical'.")(internal citation omitted). Therefore, if a showing of irreparable injury cannot be made by plaintiff, the court need not address the other elements. *See* ACLU of Florida, 557 F. 3d at 1178 ("Failure to show any of the four factors is fatal. . ."); Northeastern Fla. Chapter, 896 F.2d at 1285. Thus, to obtain injunctive relief, the plaintiff must show that he or she will suffer, or face a substantial likelihood of suffering, irreparable injury. Siegel, 234 F. 3d at 1176, n. 9 *citing* Doran v. Salem Inn, Inc., 422 U.S. 922, 931 (1975) ("The traditional standard for granting a preliminary injunction requires the plaintiff to show that in the absence of its issuance he will suffer irreparable injury."). "[E]ven if plaintiff[] establish[es] a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." Siegel, 234 F. 3d at 1176 (citations omitted). Importantly, "the asserted irreparable injury "must be neither remote nor speculative, but actual and imminent." Siegel, 234 F.3d at 1176-1177 (*citing* Northeastern Fla. Chapter, 896 F.2d at 1285).

Other than a general contention that he is at "high risk" of being attacked again by Anderson (doc. 4 at 3), Woodyard has failed to present any evidence regarding

5

irreparable injury by the defendants' refusal to transfer either plaintiff or his enemy from the close custody under which each is being held within the same segregation unit. Moreover, Woodyard conceded that he presented defendants with an affidavit he knew they would file with the Court as proof that his request for injunctive relief was moot. Although he contends that his true intent was to "expose" the defendants as liars (i.e. that he and Anderson had been in contact), he has presented no evidence that he is in fact likely to be subject to further injury by Anderson or any other inmate while in his present segregation custody. *Cf.* Doc. 45-1 and Doc. 46 at 1. Defendants have, however, produced evidence that Woodyard and Anderson have no contact and that procedures are in place to ensure Woodyard's safety and prevent contact between the two inmates.

Because it does not appear from the specific facts alleged that Woodyard will suffer immediate and irreparable injury, he has not satisfied his burden of persuasion. ACLU of Florida, 557 F. 3d at 1178 ("Failure to show any of the four factors is fatal."); United States v. Jefferson County, 720 F. 2d 1511, 1519 (11th Cir. 1983) (finding that a preliminary injunction was properly denied where movant failed to carry the burden as to irreparable harm because movant bore the burden of persuasion on each of the four factors). Woodyard's motion for a preliminary injunction is due to be denied.

## CONCLUSION

For the reasons stated above, it is the recommendation of the undersigned that Woodyards motions for preliminary injunction be **DENIED**.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this   18th   day of July, 2013.


                              s/Katherine P. Nelson
                              **KATHERINE P. NELSON**
                              **UNITED STATES MAGISTRATE JUDGE**