IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DRAPER FRANK WOODYARD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 12-0566-WS-N |
| | ) |
| **ALABAMA DEPARTMENT OF** | ) |
| **CORRECTIONS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

The plaintiff has filed a jury demand, (Doc. 86), to which the remaining defendant has objected. (Doc. 88). The plaintiff declined the opportunity to file a reply brief in support of his demand for a jury. (Doc. 87).

Between September and December 2012, the plaintiff, proceeding without counsel, filed five iterations of his complaint. (Docs. 1, 7, 11, 12, 17). In none of them did he demand a jury. In April 2013, the defendants answered the complaint. (Doc. 30). No subsequent pleadings have been filed. *See* Fed. R. Civ. P. 7(a) (listing the universe of allowable pleadings).

A party must demand a jury in writing "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). In this case, that deadline passed on May 7, 2013. "A party waives a jury trial unless its demand is properly served and filed." *Id*. Rule 38(d). However, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." *Id*. Rule 39(b). The Court construes the plaintiff's jury demand as a motion under Rule 39(b).

"In this circuit, the general rule governing belated jury requests under Rule 39(b) is that the trial court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th

Cir. 1983) (internal quotes omitted).  "The district courts have broad discretion when considering Rule 39(b) motions and often freely grant such motions after considering (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial."  *Id*.

The defendant, who has argued that the plaintiff waived a jury trial under Rule 38, has not addressed Rule 39(b).  The Court therefore has nothing before it to indicate that the defendant would suffer legally meaningful prejudice or would have his schedule disrupted should the case be tried by a jury.  Since trial is still approximately three months off, the Court concludes there will be no such disruption or prejudice.  Nor will the Court's schedule be disrupted by a jury trial.  The case involves questions as to what the defendant knew regarding the risk of injury to the plaintiff from a fellow inmate and what the defendant did or did not do in response, plus questions concerning the plaintiff's damages from the inmate attack; nothing about these issues suggests they are best tried without a jury.  The plaintiff did wait two years to seek a jury, but he is a state prisoner who represented himself until the Magistrate Judge appointed counsel in December 2014.  (Doc. 74).

The defendant has identified, and the Court detects, no "strong and compelling reasons" not to grant the plaintiff a jury trial.  Accordingly, the Court exercises its discretion in favor of a jury trial.  For the reasons set forth above, the plaintiff's Rule 39(b) motion for a jury trial is **granted**.  The plaintiff's claim against the remaining defendant will be tried to a jury.

DONE and ORDERED this 18th day of May, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE